# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 9:05CR31-1 |
| | § | |
| FLOYD CHARLES LOUT | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 6, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Floyd Charles Lout. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of 21 U.S.C. § 841(c)(2), Possesion of a Listed Chemical, Namely Pseudoephedrine, With Knowledge, or Reason to Know, of Its Wrongful Intended Use, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of II, was 63 to 78 months. On April 18, 2006, District Judge Thad Heartfield sentenced Defendant to 63 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse treatment and testing, mental health treatment, and a $100 special assessment. On April 28, 2010, Defendant completed the term of imprisonment and began his term of supervised release.

On October 1, 2012, a Petition for Warrant was filed due to Defendant's failure to report contact with law enforcement and the need for him to receive psychiatric treatment. On December 17, 2012, Defendant's conditions of supervised release were modified to include

residing in a residential reentry center until the expiration of his term of supervised release, April 27, 2013.

Under the terms of supervised release, Defendant was required to reside in a residential reentry center or similar facility until April 27, 2013, to commence immediately upon release from confinement. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being unsuccessfully discharged from the County Rehabilitation Center in Tyler, Texas on February 26, 2013, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegation set forth above. The government recommended 4 months imprisonment plus 60 days of residence in a residential reentry center (the remainder of the prior residential reentry special condition imposed by Judge Heartfield prior to revocation) for a total of 6 months, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Floyd Charles Lout be committed to the custody of the Bureau of Prisons for a term of imprisonment of 4 months, followed by 60 days of residence in a residential reentry center, with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Ron Clark for adoption immediately upon issuance.

**So ORDERED and SIGNED this 7th day of March, 2013.**

2

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE